**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

CASE NO.

BARBARA BROWN,

     Plaintiff,

v.

ACCOUNTS RECEIVABLE MANAGEMENT, INC.,

     Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1.    This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

**PARTIES**

4.    Plaintiff Barbara Brown ("Plaintiff") is a natural person who at all relevant times resided in the State of Illinois, County of Winnebago, and City of Rockford.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6.      Defendant Accounts Receivable Management, Inc. ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11.     Prior to October 2012, in connection with the collection of an alleged debt for a "Jeremy Brown," Defendant began placing calls to Plaintiff's residence.

12.     At the time of the above-described communications to Plaintiff, Plaintiff's residential telephone's outgoing message stated, as follows:

> Hello you've dialed 815-398-5672.  Your call is important to us so please leave a message after the tone.  Unless this call is for Jeremy Brown whoever he or she may be.  That individual has never lived at this household.  Please do not leave messages or send any correspondence related to that person's name.  Thank you for calling.

13.     Further, on October 11, 2012, Plaintiff called Defendant and left a voicemail message demanding that Defendant cease and desist from placing any and all further calls to

Plaintiff's residence for a "Jeremy Brown," since that individual does not live in Plaintiff's household.

14.     Despite Plaintiff's residential telephone's outgoing message specifically stating not to leave a message for a "Jeremy Brown," and further, despite Plaintiff's cease and desist demand, Defendant placed calls to Plaintiff's residence, including, but not limited to, the following dates and times:

- October 7, 2012 at 11:45 A.M.;
- October 16, 2012 at 9:37 A.M.;
- October 16, 2012 at 9:58 A.M.;
- October 17, 2012 at 2:36 P.M.;
- October 23, 2012 at 1:35 P.M.;
- October 23, 2012 at 6:45 P.M.;
- October 24, 2012 at 2:26 P.M.;
- October 30, 2012 at 1:49 P.M.; and
- November 1, 2012 at 1:20 P.M.

15.     Defendant placed the above-referenced calls with the intent to harass Plaintiff, by continuing to call Plaintiff's residence despite Plaintiff's outgoing message specifically stating not to leave a message for a "Jeremy Brown," and Plaintiff's cease and desist demand.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d

16.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 15, above.

17.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a.   Adjudging that Defendant violated 15 U.S.C. § 1692d;

b.  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in

the amount of $1,000.00;

c.  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d.  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action

pursuant to 15 U.S.C. § 1692k(a)(3);

e.  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by

law; and

f.  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

18.      Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 13, 2013.

Respectfully submitted,

By: /s/ Alex Weisberg
ALEX D. WEISBERG
IL Bar No. 6271510
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

David W. Lipschutz
IL Bar No. 6301849
2551 N. Clark Street, Suite 405
Chicago, IL 60614
(312) 547-9399
lipschutz.law@gmail.com